ev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

FOSTER F. FUNDI

V.S

CITIZEN FINANCIAL GROUP INC

## SUMMONS IN A CIVIL CASE

CA 07 078S

CASE NUMBER:

TO: (Name and address of Defendant) LAWRENCE K. FISH
c/o SARAH K. HUNTER, VP COUNSEL FOR HUMAN RESOURCES
ONE CITIZENS PLAZA
PROVIDENCE RI 02903

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

FOSTER FUNDI
367 SIMMONSVILLE AVE APT 3101
JOHNSTON, RI 02919

nswer to the complaint which is served on you with this summons, within ______ days after service is summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you he relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the k of this Court within a reasonable period of time after service.

RK

DATE 2/28/07

Barbara Barletta

) DEPUTY CLERK

B 255 (11/91) (cont.) Rayna Potter

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-13-07 | One Citizens Plza Prov. R I |

SERVED ON (PRINT NAME): Lawence Fish c/o Sarah Hunter

MANNER OF SERVICE:

SERVED BY (PRINT NAME): Richard A Bourque

TITLE: BOURQUE 75 HOLBURN AVE CRANSTON RI 02910 401 941-7756

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3-13-07
DATE

Richard Bourque
SIGNATURE OF SERVER

BOURQUE
75 HOLBURN AVE
ADDRESS OF SERVER
CRANSTON RI 02910
401 941-7756

FILED 2007 MAR 16 A 9:13 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any suc place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and n exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential researc development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute an resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party t incur substantial expense to travel more than 100 miles to attend trial, th court may, to protect a person subject to or affected by the subpoena, quas or modify the subpoena or, if the party in whose behalf the subpoena issued shows a substantial need for the testimony or material that cannot b otherwise met without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court ma order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents sh produce them as they are kept in the usual course of business or sha organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a clai that it is privileged or subject to protection as trial preparation materia the claim shall be made expressly and shall be supported by a descriptic of the nature of the documents, communications, or things not produce that is sufficient to enable the demanding party to contest the claim.