**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FOSTER FUNDI,<br>Plaintiff | : | CIVIL ACTION<br>NO. CA-07-078-ML-LDA |
| V. | : | |
| CITIZENS FINANCIAL GROUP, INC. [sic]<br>Defendant | : | MARCH 30, 2007 |

**MOTION FOR A MORE DEFINITE STATEMENT AND FOR ORDER REQUIRING COMPLIANCE WITH FEDERAL AND LOCAL RULES**

Defendant Citizens Bank of Rhode Island ("Citizens"), improperly identified in this action as Citizens Financial Group, Inc. ("CFG"),[1] hereby moves this Court for an Order requiring plaintiff Foster Fundi, to revise his February 28, 2007 complaint against CFG (the "Complaint") to: (1) name Citizens Bank of Rhode Island as the proper defendant; (2) set forth each factual assertion in a separate numbered paragraph on numbered pages; (3) limit his Complaint to a concise statement of the facts upon which he bases his claims; and (4) if applicable, separate distinct claims into separate numbered counts and identify the statutory basis for each. Plaintiff, who is proceeding as a *pro se* party, may be unaware of the requirements of the Federal Rules with respect to pleading. Citizens recognizes this and merely moves to have him revise his Complaint to comply with the substantive and procedural requirements of this Court.

---

[1] CFG is a commercial bank holding company. It never employed plaintiff. Plaintiff was employed by Citizens Bank of Rhode Island, which is wholly owned by CFG.

## I. PROCEDURAL BACKGROUND

Plaintiff was employed by Citizens as a Banker II in a bank branch in Rhode Island until his termination on or about July 15, 2005. On or about November 10, 2005, plaintiff commenced an administrative action against Citizens with the Rhode Island Commission for Human Rights and Opportunities ("RICHR"), which he dual-filed with the Equal Employment Opportunities Commission ("EEOC"). At the administrative level, plaintiff claimed that he was not promoted and ultimately terminated on account of his race in violation of the Rhode Island Fair Employment Practice Act, R.I. Gen. Law §§ 28-5-7, *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* On December 11, 2006, RICHR issued plaintiff a Right to Sue Letter. On February 6, 2007, the EEOC likewise issued plaintiff a Right to Sue letter. Plaintiff thereafter filed the Complaint with this Court on February 28, 2007. Service was made on CFG on or about March 13, 2007.[2]

## II. ARGUMENT

### A. Pleading Standards under the Federal and Local Rules of Civil Procedure

Rule 12(e) of the Federal Rules of Civil Procedure authorizes a court to direct a plaintiff to make a more definite statement of the Complaint when the allegations are patently vague and imprecise. Rule 12(e) provides, in pertinent part, as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P.12(e).

[2] Although CFG is a separate legal entity, Citizens has not contested proper service.

Moreover, Fed. R. Civ. P. 10, entitled "Form of Pleadings," states that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In addition, "[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." *Id.* Pursuant to LR cv 5(a)(3), any pleading over one page in length should be numbered. Moreover, Rule 8(a) of the Federal Rules provides that a claim for relief should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

**B. The Complaint Should Be Revised to Comply with the Applicable Federal and Local Rules of Civil Procedure**

In its current form, Citizens is not able to glean the factual and legal bases of plaintiff's claims nor frame a responsive pleading to the Complaint. As such, the Complaint should be revised to comply with the federal and local rules cited above.

First, the Complaint is written in a narrative, single-spaced format in lengthy, unnumbered paragraphs on unnumbered pages. Plaintiff intermingles his thoughts, feelings, and opinions throughout the narrative and combines them with factual assertions in each paragraph. This has the effect of convoluting the paragraphs and making it difficult to distill the factual allegations upon which plaintiff is basing his legal claims. For example, on the third page of his Complaint, plaintiff states:

> I am a good person well qualified striving to provide for me family like anybody else. I have left my family for weeks after being recommended by my previous regional manager to help train bank employees in New York and Chicago through Charter One Bank which Citizens acquired recently, hoping someday, somewhere, somebody will recognize my effort and contributions to the bank and be able to be promoted or have equal opportunity for promotion like anybody else.

In accordance with Fed. R. Civ. P. 10 and 12(e), plaintiff should be ordered to set forth the factual bases of his claims in separate, numbered paragraphs, on numbered pages in a clear and concise form. Each paragraph should be limited to a statement of a single set of circumstances.

Second, although it is clear that plaintiff is purporting to assert a claim for race discrimination, the factual and legal bases for the claims are not clear. For example, it is not clear whether plaintiff is purporting to assert a claim for failure to promote or whether his claim is based solely on the termination of his employment. Accordingly, in order to facilitate a clear presentation of the bases of his claims so that Citizens, in turn, can frame an intelligent response, in accordance with Fed. R. Civ. P. 10 and 12(e), plaintiff should, if applicable, be directed to break his claims down into separate numbered counts and cite the statutory or other legal basis for his claims.

## III. CONCLUSION

For purposes of a clear record, streamlining the issues, and providing clarity on the facts on which plaintiff bases this lawsuit, Citizens respectfully moves for an order that plaintiff amend his Complaint to:

- Name Citizens Bank of Rhode Island as the proper defendant;
- Create separate, numbered paragraphs for each factual assertions;
- Restrict the Complaint to allegations of fact relevant to his claims;
- Number the pages of his Complaint for ease of review.
- Set forth the statutory or other bases for his claims; and
- If applicable, set forth distinct claims in distinct counts.

THE DEFENDANT
CITIZENS BANK OF RHODE ISLAND, INC.

By: ______________________
Kristi E. Mackin (ri07257)
Thelen Reid Brown Raysman & Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103
860-275-6417

kmackin@thelen.com

## CERTIFICATION

This is to certify that on this 30th day of March 2007, I hereby mailed a copy of the foregoing Motion for More Definite Statement and for Order Requiring Compliance with Federal and Local Rules to:

Mr. Foster Fundi
367 Simmonsville Avenue
Apartment 3101
Johnston, RI 02919

______________________
Kristi E. Mackin