United States District Court
District of Rhode Island

Foster F. Fundi
vs. C.A. NO. 07-78ML
Citizens Financial Group, Inc.

Following the defendant's request to revise and amend my February 28th, 2007 complaint, I therefore amend the defendant's name from Citizens Financial Group to Citizens Bank of Rhode Island. I implicitly believe that I was employed by Citizens Financial Group as all communications concerning my employment were from Citizens Financial Group.

Per defendant's request to shortened, rephrase and number paragraphs of my original complaint, I therefore amend as follows:

In pursuit of justice and protecting plaintiff's rights, the case was brought before the Rhode Island Human Rights Commissioner.

On October 31, 2006 a Preliminary Investigating Commissioner carefully reviewed and considered the information gathered during the course of the investigation by members of the Commission staff. The Commissioner has determined that there is probable cause to believe that the respondent has violated the Rhode Island Fair Employment Practices Act, Title 28, Chapter 5 of the General Laws of Rhode Island. The defendant's action had violated the Title V11 of the Civil Rights Act of 1964 as amended and applicable state laws

1. I was subjected to discriminatory terms and conditions of employment by my former employer, Citizens Bank of Rhode Island a subsidiary of Citizens Financial Group owned by Royal Bank of Scotland Group. I was employed as a Banker at Branch number 114 until my termination on or about July 15, 2005. I had just moved to this branch in four days when the incident happened having been with the bank for two years.

2. Respondent's stated reason for my termination was due to a loss over a stolen check.

3. I believe I have been discriminated against on the basis of race and color (black) in that my employer treated me less favorably than my similarly situated white co-worker.

4. In or around June 2005, I transferred to the RI 114 branch, during my first day, several customers made comments such as "black people never last at this branch and "are you a tough man?" These comments came from white and black customers who did not approve of how previous black employment at the above-referenced branch.

5. I sought guidance from management regarding a check that I did not feel comfortable cashing. Despite my concerns, my manager insisted that I cash the check and he placed his employee number on the back of the check documenting this approval to cash the check.

6. According to bank policy, when management places their employee number on the check and overrides the computer, they assume responsibility for that transaction. A month later, I was questioned regarding this transaction because the check had been reported stolen. Despite my explanation of the facts surrounding the cashing of the check, I was terminated ostensibly for a loss to the bank. The white manager who insisted that I cash the check, approved it three times and had assumed responsibility for the check was not held accountable. The defendant indicated during our hearing with the Human Rights Commission that the decision was taken as it was easy to replace me than the white assistant branch manager. These actions are in violation of Title VII of the Civil Rights Act of 1964, as amended and applicable state law.

7. I was denied promotion opportunities based not on merit but race.

RELIEF REQUESTED

1. As approximate results of the defendants unlawful and discriminatory employment practices, including but not limited to those described herein, the plaintiff has suffered and will continue to suffer loss of income, including past and future salary, pension benefits, health benefits, mental and physical anguish, pain and suffering and other great damages. Therefore the plaintiff request compensatory damages in an amount sort by the court and the jury.

2. Punitive damages against the defendant as permitted by law and in amount sot by the court and jury to punish defendants for its actions.

3. Reasonable costs incurred by the plaintiff in bringing this case both monetary and time lost.

4. Any other relief that the court deems just and equitable.

THE PLAINTIFF REQUEST TRIAL BY JURY

The Plaintiff
Foster F. Fundi

Pro Se

By: ______________________
Foster F. Fundi
367 Simmonsville Avenue
Apt. 3101
Johnston, RI 02919

**Certification**

This is to certify that on this 15th May 2007, I hereby mailed a copy of the foregoing Statement to:

Kristi E. Mackin (ri07257)
Thelen Reid Brown Raysman & Steiner LLP
CityPlace 11, 10th Floor
185 Asylum Street
Hartford, CT 06103