**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FOSTER FUNDI,<br>Plaintiff | : | CIVIL ACTION<br>NO. CA-07-078-ML-LDA |
| V. | : | |
| CITIZENS FINANCIAL GROUP, INC. [SIC]<br>Defendant | : | MAY 31, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAILURE TO PROMOTE CLAIM AND MOTION TO STRIKE**

Defendant Citizens Bank of Rhode Island, Inc. ("Citizens")[1] hereby submits this Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Failure to Promote Claim and Motion to Strike select portions of plaintiff's recently filed Amended Complaint.

Plaintiff's failure to promote claim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) due to his failure to plead any facts whatsoever to support this claim. In addition, although Citizens recognizes that plaintiff has made significant efforts to comply with this Court's April 27, 2007 Order granting Citizens' Motion for a More Definite Statement and for Order Requiring Compliance with Federal and Local Rules, Citizens respectfully moves that two discrete allegations contained within the Amended Complaint concerning events that transpired during the administrative proceedings conducted before the Rhode Island Commission for Human Rights ("RICHR") be stricken in accordance with Rule 12(f) of the Federal Rules of Civil Procedure. Both motions are addressed in turn and discussed more fully below.

---

[1]Although the caption of the Amended Complaint identifies Citizens Financial Group, Inc. as the party defendant, in his Amended Complaint, plaintiff asserts that he "[amends] the defendant's name from Citizens Financial Group to Citizens Bank of Rhode Island."

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

Plaintiff was employed by Citizens from approximately September 2003 until July 2005. On or about November 10, 2005, plaintiff filed an administrative complaint against CFG with the RICHR, which was dual-filed with the Equal Employment Opportunities Commission ("EEOC"). At the administrative level, plaintiff claimed that he was discriminated against on account of his race in violation of the Rhode Island Fair Employment Practice Act, R.I. Gen. Law §§ 28-5-7, *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. On or about October 12, 2006, the RICHR issued a letter of recommendation of "probable cause". *See* Declaration of Kristi Mackin, attached hereto as Exhibit 1, ("Mackin Decl."), ¶ 4. On October 31, 2006, the RICHR issued a letter stating that it had determined that there was "probable cause" to believe that Citizens had violated the Rhode Island Fair Employment Practices Act in connection with the termination of Plaintiff's employment. Mackin Decl. ¶ 5. On December 11, 2006, RICHR issued plaintiff a Right to Sue Letter. Mackin Decl. ¶ 6. On February 6, 2007, the EEOC issued a Notice of Right to Sue. Mackin Decl. ¶ 7. Plaintiff thereafter filed his Complaint with this Court on February 28, 2007. Mackin Decl. ¶ 8. On March 30, 2007, Citizens filed a Motion for a More Definite Statement and for Order Requiring Compliance with Federal and Local Rules, which this Court granted on April 27, 2007. Mackin Decl. ¶ 9. On May 16, 2007, plaintiff filed this Amended Complaint. Mackin Decl. ¶ 10.

## II. ARGUMENT

### A. Plaintiff's Purported Claim of Failure to Promote Fails to State a Cause of Action Upon Which Relief May be Granted

#### 1. Legal Standard for Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which

relief may be granted. When deciding a motion to dismiss, the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the plaintiff's favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Complaints are subject to dismissal under Rule 12(b)(6) if they do not set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). As the United States Supreme Court recently clarified, although Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests . . . a plaintiff's obligation to provide the 'grounds' of his entitlement for relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

**B. Plaintiff Has Failed to Provide Citizens With Fair Notice of the Factual Bases for His Failure to Promote Claim**

Plaintiff alleges in conclusory fashion in Paragraph 7 of the Amended Complaint that he was "denied promotion opportunities based not on merit but race." Presumably, plaintiff is purporting to allege a cause of action for discriminatory failure to promote under Title VII. However, plaintiff has provided no additional facts whatsoever to put Citizens on notice of the factual underpinnings for this claim. Indeed, beyond pleading that he was a member of a protected class, he has not pleaded facts to support any of the other elements of prima facie case of failure to promote under Title VII, including that he was qualified for an open position for which he applied, that he was rejected and that someone possessing similar qualifications filled

the position instead. *See, e.g., Ingram v. Brink's, Inc.*, 414 F.3d 222, 230 (1st Cir. 2005) (internal citation omitted). As such, this claim is subject to dismissal.[2] *See, e.g., Johnson v. Gen. Elec.*, 840 F.2d 132, 138 (1st Cir. 1988) (affirming dismissal of failure to promote claim where African-American plaintiff failed to allege sufficient facts to substantiate claim) *overruled on other grounds by Clockedile v. New Hampshire Dep't of Corr.*, 245 F.3d 1 (1st Cir. 2001); *McCalla v. SUNY Downstate Med. Ctr.*, No 03-CV-2633 (JFB) (RLM), 2006 U.S. Dist. LEXIS 38175, at *21-22 (E.D.N.Y. June 8, 2006) (citing *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709-10 (2d Cir.) ("to survive a motion to dismiss the pleading must typically allege some specific effort to apply for a particular position or positions") (internal quotation marks omitted).

### C. Allegations in the Amended Complaint Concerning What Allegedly Transpired Before the RICHR Should be Stricken as Immaterial, Prejudicial and/or Privileged

#### 1. Legal Standard for Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Allegations in a pleading are considered immaterial where they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." *U.S. Diamond & Gold v. Julius Klein Diamonds, LLC*, No. c-03-06-371, 2007 WL 1026421, at *11-12 (S.D. Ohio Mar. 29, 2007) (internal citations omitted). Although motions to strike are generally disfavored, they should be granted when the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *U.S Diamonds*, 2007 WL 1026412 at *12 (citing *Schultz v. Braga*, 290 F. Supp. 2d 637, 655 (D. Md. 2003, aff'd 455 F.3d 470 (4th Cir. 2006); *see also Dennison v. LaPointe*, No. 06-40100, 2006 WL 3827516, at *1 (D. Mass. Dec. 21, 2006) (citing *Ross-Simons of Warwick, Inc.*

[2] Citizens does not object to a dismissal being granted with leave to amend.

*v. Baccarat*, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998). In resolving motions to strike, trial courts are empowered with broad discretion. *See Sec. Exch. Comm'n*, 477 F. Supp. 2d 342, 360 (Mar. 6, 2007) (citing *Alvarado-Morales v. Digital Equip. Corp.* 483 F.2d 613, 618 (1st Cir. 1988); *Boreri v. Fiat, S.P.A.*, 763 F.2d 23 (1st Cir. 1985)).

**2. The Section of the Amended Complaint Pertaining to the RICHR Finding should be Stricken because it is Immaterial and Prejudicial**

In an unnumbered paragraph on Page One of the Amended Complaint, plaintiff alleges as follows:

> In pursuit of justice and protecting plaintiff's rights, the case was brought before the Rhode Island Human Rights Commissioner.
>
> On October 31, 2006 a Preliminary Investigating Commissioner carefully reviewed and considered the information gathered during the course of the investigation by members of the Commission staff. The Commission has determined that there is probable cause to believe that the respondent has violated the Rhode Island Fair Employment Practices Act, Title 28, Chapter 5 of the General Laws of Rhode Island. The defendant's action had violated the Title VII of the Civil Rights Act of 1964 as amended and applicable state laws.

Citizens respectfully moves to strike this allegation of the Amended Complaint due to the fact that it is immaterial and prejudicial.

The RICHR's finding of probable cause was made well after plaintiff's employment had ended and any alleged discrimination had ceased. Thus, it is not necessary, and indeed is immaterial, to the underlying elements of plaintiff's cause of action for discrimination. Moreover, even if not wholly immaterial, any conceivable relevance is far outweighed by the prejudice to Citizens if this conclusory and misleading allegation were to remain in the Amended Complaint.

If viewed by a jury, the conclusory allegation of the Amended Complaint quoted above -- including the allegation within the final sentence of the second paragraph that Citizens' "had violated" the law -- would give the false impression that a final determination on the merits of the case has already been made when, in fact, it has not. This would be highly prejudicial to Citizens.

In this Circuit, the decision whether to admit an agency determination into evidence at trial is to be made on a case-by-case basis. *See Patten v. Wal-Mart Stores East, Inc.*, 300 F.3d 21, 26-27 (1st Cir. 2002), *cert. denied,* 539 U.S. 937 (2003). If this case were ever to proceed to trial, the Court could, at that time, consider and rule on the admissibility of the RICHR's finding under applicable evidentiary standards following a full airing of the issue. At trial, Citizens would be prepared to present evidence calling into question the probative value and reliability of the RICHR's finding.[3]

Moreover, the recommended Probable Cause finding and the finalized Probable Cause finding itself make no mention of a determination on any claim that plaintiff had been denied a promotion on account of his race. As such, a jury could mistakenly infer based on the-above quoted broad allegation of the Amended Complaint that the RICHR found probable cause to believe that Citizens had denied plaintiff a promotion on account of his race.

[3] For example, the RICHR issued the probable cause finding without having interviewed any of Citizens' witnesses. The investigator assigned to the matter held a Predetermination Conference on September 12, 2006. She did not request that any particular witnesses appear for the conference. In advance of the conference, the undersigned contacted the RICHR investigator assigned to the matter to discuss the conference. The investigator informed the undersigned that Citizens need not bring any witnesses to the conference, which was to be "informal". The investigator stated that she would follow up later if additional information or witnesses were needed. This was reiterated at the close of the conference. The investigator did not contact the undersigned, but, rather, on October 12, 2006, issued a recommended Probable Cause finding that, among other things, found Citizens' version of events lacking in credibility due to the fact that it had not presented a specific witness at the conference. Upon information and belief, the only witness that the RICHR investigator interviewed as part of its investigation was plaintiff Foster Fundi. In addition, one day after Citizens submitted a lengthy rebuttal to the recommended Probable Cause finding that included substantial additional information, a Commissioner accepted the recommendation. Upon information and belief, Citizens' response was not reviewed before the final determination of Probable Cause was issued. *See* Mackin Decl. ¶¶ 11-12.

In sum, if the jury were to view the Amended Complaint, the inclusion of this immaterial allegation would undoubtedly have a prejudicial effect on Citizens under the circumstances. In contrast, no similar prejudice would befall plaintiff if this allegation were stricken from the Amended Complaint. If applicable, plaintiff will have the opportunity at trial to offer the RICHR finding into evidence.

### 3. Allegations Concerning Statements of Counsel While Appearing Before the RICHR Are Privileged, Immaterial and Prejudicial and, as such, Should Be Stricken

In Paragraph 6 of the Amended Complaint, plaintiff alleges as follows: "The defendant indicated during our conference with the Human Rights Commission that the decision was taken as it was easy to replace me than the white assistant branch manager." Since there were no fact witnesses other than plaintiff present at the Predetermination Conference conducted by the RICHR, the allegation concerning a so-called statement of "the defendant" can refer only to a statement allegedly made by Citizens' attorney while acting in her capacity as an advocate for Citizens at that conference.[4] *See* Mackin Decl. ¶ 13. Citizens respectfully requests that this allegation be stricken from the Amended Complaint as it is privileged, immaterial and prejudicial.

Statements by counsel are afforded judicial proceeding privilege provided they are made during the course of a judicial or quasi-judicial proceeding and have some reference to the subject matter of the proceeding. *Johnson v. Riddle*, No. 2:98-CV-599 TS, 2007 U.S. Dist. LEXIS 11101, at *6 (D. Utah Feb. 15 2007) (internal citations and marks omitted); *Lavin v. Caleb Brett USA, Inc.*, No. 90-0255-P-H, 1991 WL 338550, at *2 (D. Me. Oct. 28, 1991) (noting that statements by an attorney to the Human Rights Commission concerning the reason for the

[4] Although the undersigned has no recollection of this statement being made at the conference, Citizens accepts it as true, as it must, for purposes of this motion. *See* Mackin Decl. ¶ 13.

employee's dismissal "fall squarely within the realm of judicial privilege proceedings") (citing in part *Creamer v. Danks,* 700 F. Supp. 1169, 1171 (D. Me 1988), *aff'd,* 863 F.2d 1037 (1st Cir. 1998)).

This privilege was originally developed to preclude subsequent tort causes of action, such as a defamation claim, based on statements made during a judicial or quasi-judicial proceeding. However, the privilege has been interpreted and applied broadly. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1276 (11th Cir. 2004) ("[t]he privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings"). At least one court has extended the principles underlying the privilege to preclude admission of statements of attorneys made during proceedings before human rights agencies in subsequent discrimination lawsuits. *See, e.g., LaPlante v. United Parcel Serv., Inc.,* 810 F. Supp. 19, 21-22 (D. Me. 1993). In *LaPlante,* the Court reasoned that "it is important that parties, witnesses and lawyers be free to speak forthrightly in litigating their case before the Commission." *LaPlante,* 810 F. Supp. at 21-22.

Similarly, here, it was important that, subject to all applicable ethical rules, Citizens' counsel be able to advocate freely on behalf of her client in front of the RICHR without having to be concerned that her colloquies with the investigator would appear as allegations in a complaint purporting to support a claim of discrimination or that she might one day be called as a witness to refute allegations about what allegedly transpired while she was acting as an advocate during the conference.

In addition, an allegation about what Citizens' legal counsel said during a conference that was conducted long after plaintiff's employment ended is not material to the underlying claim of discrimination. Citizens' counsel was not a decision-maker in the underlying employment

decision that led to the claim and, as discussed above, was acting as an advocate during a conference, not as a fact witness giving testimony. As described more fully in Exhibit 1, during the conference the investigator and Citizens' counsel engaged in an open exchange of ideas, hypotheticals and arguments advancing their respective positions.[5] Mackin Decl. ¶ 13.

Moreover, if the Amended Complaint is given to the jury, this allegation concerning an isolated alleged out-of-court hearsay statement of Citizens' counsel plucked out of context from one of several give and take exchanges between Citizens' counsel and the RICHR investigator would be highly prejudicial to Citizens. Plaintiff will have every opportunity to establish his case through the proffer of competent, admissible evidence either on summary judgment or at trial. As with the allegations concerning the RICHR's finding, this Court can take up the issue of the admissibility of an alleged statement by Citizens' counsel at that time.

## III. CONCLUSION

For all of the foregoing reasons, Citizens res pectfully moves this Court to dismiss plaintiff's Title VII failure to promote claim and to strike the allegations of the Amended Complaint pertaining to the underlying administrative proceedings before the RICHR.

THE DEFENDANT
CITIZENS BANK OF RHODE ISLAND, INC.

By:/s/ Kristi E. Mackin

Kristi E. Mackin (ri07257)
Thelen Reid Brown Raysman & Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103
860-275-6417
kmackin@thelen.com

[5] Upon information and belief, based on the allegation of Paragraph 6, it appears that plaintiff may have seized onto and perhaps misinterpreted a discussion about hypothetical reasons for termination that, although they may seem unfair, are nonetheless not unlawful. Mackin Decl. ¶ 13.

**CERTIFICATION**

I hereby certify that on May 31, 2007, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss Plaintiff's Failure to Promote Claim, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Mr. Foster Fundi
367 Simmonsville Avenue
Apartment 3101
Johnston, RI 02919

/s/ Kristi E. Mackin
Kristi E. Mackin