**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FOSTER FUNDI,<br>Plaintiff | : | CIVIL ACTION<br>NO. CA-07-078-ML-LDA |
| V. | : | |
| CITIZENS FINANCIAL GROUP, INC. [SIC]<br>Defendant | : | MAY 31, 2007 |

**DECLARATION OF KRISTI MACKIN**

I, Kristi Mackin, being duly deposed, do hereby swear as follows:

1. I am over the age of eighteen (18) and understand the obligations of an oath.

2. I am counsel for Defendant Citizens Bank of Rhode Island, Inc.[1]

3. On or about November 10, 2005, Foster Fundi filed an administrative complaint with the Rhode Island Commission for Human Rights ("RICHR"), and dual-filed with the Equal Employment Opportunities Commission ("EEOC").

4. On or about October 12, 2006, the RICHR issued a letter of recommendation of "probable cause" as to the plaintiff's termination of plaintiff's employment.

5. On October 31, 2006, the RICHR issued a letter stating it had determined there was "probable cause" to believe that Citizens had violated the Rhode Island Fair Employment Practices Act, and certified the matter for a public hearing. RICHR had not issued a final determination on the merits.

6. On December 11, 2006, the RICHR issued Mr. Fundi a Right to Sue Letter.

7. On February 6, 2007, the EEOC issued a Notice of Right to Sue.

8. On February 28, 2007, Mr. Fundi filed his Complaint with this Court.

[1] Although the caption of the Amended Complaint identifies Citizens Financial Group, Inc. as the party defendant, in his Amended Complaint, plaintiff asserts that he "[amends] the defendant's name from Citizens Financial Group to Citizens Bank of Rhode Island."

9. On March 30, 2007, Citizens filed a Motion for a More Definite Statement and for Order Requiring Compliance with Federal and Local Rules, which this Court granted on April 27, 2007.

10. On May 16, 2007, plaintiff filed this Amended Complaint.

11. Prior to certifying Mr. Fundi's claims to a public hearing, the RICHR conducted a Predetermination Conference (the "conference") on September 12, 2006. In advance of the conference, I contacted the investigator assigned to the matter to discuss the conference and what direction the Commission expected the conference to take. Because the Commission had not requested that any specific witnesses be present at the conference, such as the decision makers or other witnesses (as is what I understand to be their usual practice), the investigator and I discussed whether the Commission expected Citizens to present any witnesses at the conference. The investigator informed me that witness testimony would not be necessary at this point, that the conference was to be informal, and that the Commission primarily wanted to hear what Mr. Fundi had to say about his claims. She also indicated that she would let us know which Citizens' employees she wished to speak with after the conference. At the close of the conference, I again advised the investigator of Citizens' willingness to make witnesses available and/or to offer additional information to aid the Commission in its investigation. The investigator informed me that she would be in contact to request additional information and the identities of the witnesses with whom she wanted to speak. She did not contact me but, rather, on October 12, 2006, issued a recommended Probable Cause finding that, among other things, found Citizens' version of events lacking in credibility due to the fact that it had not presented a specific witness at the conference. Upon information and belief, the only witness that the RICHR investigator interviewed was plaintiff Foster Fundi.

12. Because of the short time period within which to submit comments to the recommended Probable Cause finding, I spoke again with the investigator who assured me that she recalled the conversation wherein she said she would request additional information (including witness statements), and agreed that Citizens could have until October 30, 2006 to submit comments and additional information in response to the recommended finding. I prepared a lengthy response to the recommended finding, including additional information not previously considered by the RICHR, and submitted it on October 30, 2006. The following day, on October 31, 2006, a Commissioner of the RICHR approved the recommended finding. During a subsequent telephone conference with the Executive Director of the RICHR, he informed me that he was not aware that the RICHR staff had not interviewed Citizens' witnesses and/or that Citizens' comments to the finding had not been reviewed and considered prior to finalizing the recommendation.

13. During the conference, which, to my knowledge, was not recorded, the parties and the RICHR investigator had various open exchanges covering a variety of topics, including the merits of the claims, the legal standards at issue, and the importance of keeping focused on the ultimate issue of discrimination. During the give and take that occurred during the conference, the investigator and I posed and/or responded to various hypothetical situations to demonstrate our respective points. At all times, I was acting as an advocate for Citizens and not as a fact witness. Based on the allegation in Paragraph 6 of the Amended Complaint,[2] upon information and belief, it appears that Mr. Fundi may have seized onto a hypothetical that was posed during one of the exchanges between the investigator and I pertaining to reasons for termination that, although perhaps not "fair," are not unlawful.

[2] I have no recollection of having made this statement attributed to me in Paragraph 6 of the Amended Complaint.

I declare under penalty of perjury that foregoing is true and correct.

Executed on May 31, 2007.

Kristi Mackin (ri07257)