UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FOSTER FUNDI | : | |
| | : | |
| v. | : | C.A. No. 07-078ML |
| | : | |
| CITIZENS BANK OF RHODE ISLAND[1] | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on Defendant's combined Motion to Dismiss and Motion to Strike. (Document No. 14). Defendant seeks dismissal of pro se Plaintiff's[2] failure to promote claim (Document No. 13, ¶ 7) pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Defendant moves pursuant to Fed. R. Civ. P. 12(f) to strike certain statements contained in Plaintiff's Amended Complaint. Plaintiff did not file an Objection to Defendant's combined Motion.

Defendant's combined Motion to Dismiss and Motion to Strike has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. A hearing was held on July 30, 2007. After listening to the arguments, reviewing the pleadings and performing independent research, this Court recommends that Defendant's Motion to Dismiss

[1] Although the caption of Plaintiff's Amended Complaint identifies Citizens Financial Group, Inc. as the party defendant, Plaintiff states in the Complaint that he "amend[s] the defendant's name from Citizens Financial Group to Citizens Bank of Rhode Island." (Document No. 13).

[2] It is well-settled that this Court liberally interprets the pleadings of parties who decide to proceed without the assistance of counsel, as Plaintiff has done in this case. Because "[o]ur judicial system zealously guards the attempts of pro se litigants on their own behalf,...[this Court is] required to construe liberally a pro se complaint and may affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994)). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed, 118 F.3d at 890.

Plaintiff's failure to promote claim be GRANTED with leave for Plaintiff to further amend his Complaint and that Defendant's Motion to Strike be DENIED.

**Facts**

The following facts are undisputed. Plaintiff was employed by Defendant from approximately September 2003 until his termination in July 2005. On or about November 10, 2005, Plaintiff filed an administrative charge of race discrimination against Defendant with the Rhode Island Commission for Human Rights ("RICHR") and the Equal Employment Opportunities Commission ("EEOC"). On October 31, 2006, the RICHR issued a "probable cause" finding as to the existence of race discrimination regarding the termination of Plaintiff's employment with Defendant. On December 11, 2006, the RICHR issued a Right to Sue letter to Plaintiff. On February 6, 2007, the EEOC issued a Notice of Right to Sue to Plaintiff. Thereafter, Plaintiff filed his initial Complaint (Document No. 1) with this Court on February 28, 2007. On March 30, 2007, Defendant filed a Motion for a More Definite Statement and an Order Requiring Compliance with Federal and Local Rules. (Document No. 11). After hearing, Defendant's Motion was granted and Plaintiff ordered to amend his Complaint to comply with Fed. R. Civ. P. 8 and 10. (Document No. 12). On May 16, 2007, Plaintiff filed his Amended Complaint. (Document No. 13). On May 31, 2007, Defendant responded with the instant combined Motion to Dismiss and Motion to Strike. (Document No. 14).

**I. Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)**

**A. Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v.

Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). The Court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); see also Arruda, 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

**B. Analysis**

Under Rule 12(b)(6), "the demands on the pleader are minimal." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). All that is required of the plaintiff is that he "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Id. at 515. The facts alleged by the plaintiff must "at least outline" a viable claim in order to pass muster under Rule 12(b)(6), see id., and must necessarily avoid "bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" See id. at 514 (quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)). The First Circuit has made clear that these "minimal requirements are not tantamount to nonexistent requirements. [While] [t]he threshold may be low,...it is real....[I]t is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." See id. at 514.

In its Motion to Dismiss, Defendant alleges that Plaintiff failed to satisfy the minimal burden placed upon him by Rule 8. Defendant asserts that Plaintiff's failure to promote claim cannot withstand scrutiny under Rule 12(b)(6) because it is entirely conclusory and fails to set forth each material element necessary to sustain recovery on a failure to promote theory of liability. Plaintiff's Amended Complaint focuses on the events leading up to his allegedly discriminatory termination in July 2005. While Plaintiff also alleges that he "was denied promotion opportunities based not on merit but race," (Document No. 13, ¶ 7), he offers absolutely no particulars as to such opportunities or denials. Defendant asks this Court to focus on the fact that Plaintiff, while establishing his membership in a protected class, has not pleaded facts sufficient to support the following elements of the prima facie case: that he was qualified for an open position for which he applied; that he was rejected; and that someone possessing similar qualifications filled the position instead. See Ingram v. Brink's, Inc., 414 F.3d 222, 230 (1st Cir. 2005).

Construing Plaintiff's pleadings in the light most favorable to him, taking all pleaded facts as true and drawing all reasonable inferences in his favor, this Court finds that the conclusory failure to promote claim contained in Plaintiff's Amended Compliant is deficient and lends itself to dismissal pursuant to Rule 12(b)(6). Even if this Court were to liberally interpret the language of Plaintiff's failure to promote claim in order to account for his pro se status, this Court would still find that Plaintiff has failed to outline the contours of a viable failure to promote claim. Plaintiff's allegation that he was denied promotional opportunities "based not on merit but race," see Document No. 13, ¶ 7, is nothing more than a bald assertion without any direct or indirect factual allegations in support. As it would be inappropriate for this Court to "conjure up unpled allegations or contrive elaborately arcane scripts," Gooley, 851 F.2d at 514, in order to sketch out the outlines of a

colorable failure to promote claim, this Court finds that dismissal of Plaintiff's failure to promote claim pursuant to Rule 12(b)(6) with leave to amend is appropriate in order to allow Plaintiff an opportunity to allege at least minimal facts in support.

**II. Motion to Strike - Fed. R. Civ. P. 12(f)**

**A. Standard of Review**

Under Rule 12(f), a party may move to strike "from any pleading any...redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." See 5C Charles Alan Wright and Arthur R. Miller, et al., Federal Practice and Procedure, § 1380 at 391 (3d. ed. 2004). Thus, a pleading that violates the principles of Rule 8 may be struck "within the sound discretion of the court." Newman v. Massachusetts, 115 F.R.D. 341, 343 (D. Mass. 1987). That discretionary power, however, should be exercised cautiously. "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." Wright & Miller, supra, at 394; see also Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."). Furthermore, motions to strike are rarely granted absent a showing of prejudice to the moving party. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998) ("Mere redundancy is insufficient to support a motion to strike; the movant must demonstrate that prejudice would result if the offending material remained in the pleadings.").

**B. Analysis**

In the present case, Defendant contends that certain portions of Plaintiff's Amended Complaint are immaterial and unduly prejudicial. Defendant first moves to strike an introductory paragraph indicating that a Preliminary Investigating Commissioner of the RICHR made a pre-hearing "probable cause" determination. Defendant also challenges the inclusion in Plaintiff's Amended Complaint of a statement allegedly made by Defendant while appearing before the RICHR. (Document No. 13, ¶ 6).

With regard to Plaintiff's reference in his Amended Complaint to the RICHR's pre-hearing "probable cause" determination that Defendant "violated the Rhode Island Fair Employment Practices Act...[and] Title VII of the Civil Rights Act of 1964 as amended and applicable state laws," this Court recommends that any mention thereof need not be stricken pursuant to Rule 12(f). Defendant has not cited, and this Court has not found any cases standing for the proposition that preliminary findings by an administrative agency, such as the RICHR, cannot be pleaded in a plaintiff's complaint. Furthermore, the only case cited by Defendant regarding the admissibility of the RICHR's findings, Patten v. Wal-Mart Stores, East, Inc., 300 F.3d 21 (1st Cir. 2002), deals with the issue of whether papers and findings issued by an EEO administrative body should be admitted into evidence at trial. As the Patten Court made clear, the ultimate question of the admissibility of the RICHR's probable cause determination "is one of relevancy and prejudice under Rule 403." Patten, 300 F.3d at 26. This issue, however, is not presently before the Court and need not be resolved at this time. In fact, in Catruch v. The Picture People, No. CIV-04-CV-00118-G-C, 2004 WL 2370646, *1 (D. Me. Sept. 7, 2004), the Court noted that the defendant in a discrimination action had cited "[n]o case...for the proposition that the findings [of an EEO administrative body]

cannot be pleaded in the Complaint" and denied a motion to strike. The Court confirmed that Patten dealt only with the issue of admissibility into evidence and not the issue of pleading, and sanctioned the defendant for refusing to recognize this distinction and litigating a "bogus issue." Id.

As Defendant has failed to demonstrate any prejudice flowing from the reference in Plaintiff's Amended Complaint to the RICHR's probable cause determination and has cited no authority for the proposition that such findings must be stricken from a discrimination complaint, I recommend that Defendant's Motion to Strike those portions of the Amended Complaint that mention the RICHR pre-hearing determination be DENIED without prejudice to Defendant's objections to admissibility into evidence.

Finally, Defendant challenges a statement contained in the Amended Complaint which reads: "The defendant indicated during our conference with the Human Rights Commission that the decision was taken as it was easy to replace me than the white assistant branch manager." See Document No. 13, ¶ 6. Defendant contends that this allegation warrants striking pursuant to Rule 12(f) because it falls within the absolute privilege accorded to statements made by counsel during quasi-judicial proceedings such as those before the RICHR.

Accepting as true Plaintiff's allegation that the challenged statement was made during an RICHR proceeding, there is no indication as to the nature of the proceeding or that the statement was made by Defendant's counsel. This Court finds that the issue of privilege raised by Defendant has been raised prematurely and does not lend itself to resolution under Fed. R. Civ. P. 12(f). As Defendant retains the ability to challenge the admissibility of this statement during subsequent proceedings, this Court recommends that Defendant's Motion to Strike also be DENIED as to this allegation.

**Conclusion**

For the reasons discussed above, I recommend that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED as to Plaintiff's failure to promote claim with leave for Plaintiff to further amend his Complaint within thirty days. I also recommend that Defendant's Motion to Strike pursuant to Fed. R. Civ. P. 12(f) be DENIED without prejudice to Defendant's objection to the admissibility of the challenged allegations. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2007